Date signed October 26, 2005



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

| | | |
|---|---|---|
| In Re: | * | |
| TRITTYE COLLINS FUGETT | * | Case No.     05-17645DK |
| | * | Chapter     13 |
| Debtor | * | |
| ************************************* | * | |
| EASTERN SAVINGS BANK, FSB | * | |
| | * | p.64 |
| Movant | * | |
| vs. | * | |
| TRITTYE COLLINS FUGETT | * | |
| | * | |
| Respondent | * | |
| | * | |
| ************************************* | * | |
| JOSEPH DUFF | * | |
| | * | p.61 |
| Movant | * | |
| vs. | * | |
| TRITTYE COLLINS FUGETT | * | |
| | * | |
| Respondent | * | |

**MEMORANDUM OF DECISION**

On September 22, 2005, Eastern Savings Bank, FSB (hereinafter "Bank") filed a Motion to Confirm Inapplicability of Stay and to Confirm Validity of Foreclosure Sale. On September 23, 2005,

the Bank filed a withdrawal of that motion and immediately thereafter re-filed a motion containing the identical caption and asking for the identical relief. However, the motion was docketed by counsel under the label of "Motion For Relief From Stay" (paper no. 64). Also on September 23, 2005, Joseph J. Duff filed a Motion For Relief From Stay concerning the same property (paper no. 61) (hereinafter these motions are collectively referred to as the "Motions").

Debtor filed a response to the Bank's Motion. On October 17, 2005, the court held an evidentiary hearing upon the Motions and response. At the conclusion of the hearing, the court held the matters under advisement.

Some of the background facts for this dispute are uncontested, many of which were read into the record by the court at the outset of the hearing and concurred with by all parties.

On May 20, 2004, Anthony Fugett, husband of Trittye Collins Fugett (Debtor herein), filed a Chapter 11 bankruptcy case, Case No. 04-22449-JS. Schedule A filed under penalty of perjury by Anthony Fugett testified that he was the sole owner of property described as 1 Hollyford Road, Cockeysville, Maryland 21030 (the "Property"). Subsequently, the Bank filed a motion for relief from stay seeking to terminate the automatic stay so as to permit the Bank to foreclose upon two deeds of trust upon the Property. The motion for relief from stay in the case of Anthony Fugett was resolved by a Consent Order which conditioned the continuation of the automatic stay created by 11 U.S.C. § 362(a), upon future performance by Anthony Fugett including payments. Approximately one and one half months thereafter , case no. 04-22449-JS was dismissed. Subsequently, the Bank commenced foreclosure in an action filed in the Circuit Court for Baltimore County (the "Foreclosure Case"). The foreclosure auction was scheduled and noticed for April 4, 2005.   On the morning of April 4, 2005, Trittye Collins Fugett (Debtor), in proper person, filed the instant Chapter 13 case. Immediately after filing the bankruptcy petition, Anthony Fugett notified counsel for the Bank  of the filing and asserted that as a result of the filing by Trittye Collins Fugett, an automatic stay pursuant to 11 U.S.C. § 362(a)

2

stayed the foreclosure auction scheduled for later that day. After researching the title to the Property, counsel for the Bank responded to Anthony Fugett, taking the position that the stay did not arise upon the bankruptcy filing by Trittye Collins Fugett and that the foreclosure auction would commence as scheduled. Thereafter, the foreclosure auction was held and the highest bidder was Joseph J. Duff.

Anthony Fugett filed exceptions to the ratification of foreclosure sale (based upon adequacy of sale price) in the Foreclosure Case. The Circuit Court for Baltimore County initially entered an Order denying the exceptions and ratifying the sale. Upon a subsequent motion for reconsideration, the Circuit Court vacated the prior order denying the exceptions and ratifying the sale, and ratification was denied. The court also entered an Order denying a Motion for Judgment Awarding Possession on September 21, 2005. Debtor's Ex. 2, Hrg's Oct. 17, 2005. Thereafter, the Circuit Court entered an Order vacating its Order which granted reconsideration and denied ratification and scheduled a hearing to consider the matter for November 4, 2005. Debtor's Ex. 1, Hr'g Oct. 17, 2005.

Meanwhile, Debtor filed a motion (hereinafter, the "Sale Motion") in this bankruptcy case seeking approval for an alleged sale of the Property free and clear of liens and encumbrances.[1] The Sale Motion was filed on behalf of Debtor by attorney Charlene Wilson, who had entered her appearance for Debtor after the commencement of the bankruptcy case. The Bank opposed the Sale

---

[1] Although Debtor asserted unequivocally that she had found a contract purchaser who would purchase the Property for an amount sufficient to pay all the claims, the Bank has contended that Debtor has been less than forthright in such assertion. The court notes that certain statements made at a hearing held September 19, 2005, seem to bolster the Bank's argument. At that hearing, Debtor's most recent attorney, Ms. Raysor-Taylor, notified the court as follows:
> Even if the Court had granted the Debtor the right to sell the property, there is no guarantee that she would have actually sold the property. So the property would have still remained in her possession, because, obviously, you know, a sale is based upon contingency. Now that's not to suggest that, you know, the contract for sale was bogus, but I do have to just include, in my argument, that the Debtor is in the property.

Transcript of 9/19/05 Hr'g. at 7.

3

Motion and this court held a hearing upon the disputed Sale Motion on July 20, 2005.

The Bank's opposition to the Sale Motion asserted that Debtor held no ownership in the Property and therefore Debtor had no ability to sell the Property. Further, the Bank, citing Culver v. Boozer, 285 B.R. 163 (D. Md. 2002), asserted that the automatic stay had not stayed the foreclosure sale so that the Property, solely owned before foreclosure by Anthony Fugett, had been sold to Joseph Duff pursuant to the auction sale.

At the outset of the hearing, counsel for Debtor acknowledged that the Bank's assertion as to the ownership of the Property and the foreclosure sale were true "albeit unknown to me at the time." Transcript of 7/20/05 Hr'g. at 4. Debtor's counsel, also stated that "the house is not legally [Debtors]." Id. at 5. Counsel then continued that as to the Sale Motion, if counsel "had an inkling that the house was not in her name, I certainly would not have filed it." Id. Counsel then sought to withdraw her appearance from the case.

Upon further inquiry by the court, counsel for Debtor stated that Debtor wished to speak because Debtor felt that she had a cognizable interest in the Property. The court permitted this. The Debtor's principle argument as to an ownership interest in the property was based upon her assertion that there was a voluntary property settlement agreement that she had entered into with her husband, Anthony Fugett, prior to filing her bankruptcy case. No such agreement was exhibited or offered into evidence at the hearing upon the Sale Motion.

At the conclusion of the hearing, the court held the matter under advisement and invited the parties to submit memoranda concerning the Debtor's argument that the alleged property settlement agreement conferred ownership rights sufficient to invoke the automatic stay.[2]

---

[2] If the automatic stay precluded the foreclosure action, the sale is void under federal law, unless this court were to annul the stay ab initio. See In re Lampkin, 116 B.R. 450 (Bankr. D. Md. 1990).

4

Memoranda in support and in opposition were filed respectively by attorney S.D. Raysor-Taylor, appearing as new counsel for Debtor and the Bank. Attached to the Memorandum of Law submitted by attorney Raysor-Taylor was a copy of the alleged property settlement agreement.

On August 16, 2005, this court entered a Memorandum of Decision and Order denying the Sale Motion, finding that Debtor at the date of petition, held no cognizable interest in the Property that would permit her to be the seller of the Property free and clear of the rights of other parties, including liens and encumbrances. Debtor timely noticed an appeal of that Order, which appeal is pending before the United States District Court for the District of Maryland.

Subsequently, Debtor filed an emergency motion to stay the Order denying the motion to sell, pending the appeal. The motion to stay was opposed both by the Bank and Joseph Duff. After a hearing upon the motion and opposition, on September 21, 2005, this court entered an Order denying the emergency motion to stay pending appeal, for the reasons stated therein and on the record. The Motions now before the court were thereafter filed.

The Movants seek a determination by this court that the automatic stay did not stay the foreclosure and does not now stay further proceedings before the Circuit Court for Baltimore County in the Foreclosure Case, including any future action to eject Debtor from the premises. At the hearing upon the Motions, Debtor introduced three exhibits and three witnesses testified. The first exhibit is the Order of the Circuit Court for Baltimore County vacating reconsideration of the Order denying exceptions and ratifying sale. The second exhibit is a Circuit Court Order denying a judgment of possession for the Property. The third exhibit is the Voluntary Separation, Support and Property Settlement Agreement upon which Debtor grounds her argument that she holds an interest in the Property sufficient to trigger the automatic stay.

The issue presented directly by the Motions is simply stated. If Debtor had held no interest in the Property at the time of the filing of the petition in this bankruptcy case, no automatic stay arose

pursuant to 11 U.S.C. § 362(a) as to the Foreclosure Case. In that event, the Bank was legally permitted to go forward with its foreclosure action, including conducting the auction and seeking ratification. On the other hand, if Debtor held an interest in the Property sufficient to trigger the automatic stay, the Bank's foreclosure auction is void and the automatic stay continues to prohibit the Foreclosure Case from proceeding, unless this court grants relief from, or annulment of the stay, for cause.

The Debtor's primary argument advanced at the hearing upon the Motions is that this court lacks jurisdiction to determine the matter and is precluded by the doctrines of collateral estoppel, full faith and credit, or related doctrines from determining whether the automatic stay arose as a consequence of this federal bankruptcy case. It is the Debtor's argument that the Circuit Court for Baltimore County has concurrent jurisdiction to determine whether the automatic stay applied to the Foreclosure Case and has so determined in granting the motion for reconsideration of ratification and by vacating its Order of Ratification. In support of this argument, Debtor points to the decision of the Court of Appeals of Maryland in the case of Klass v. Klass, 377 Md. 13 (2003), and the reported opinion of this court in the case of Planned Parenthood of the Columbia/Willamette, Inc., et al. v Bray, et al. (In re Bray), 256 B.R. 708 (Bankr. D. Md. 2000), and cases cited therein. Debtor is wholly mistaken as to this argument.

Without question, 28 U.S.C. § 1334 confers upon this federal court jurisdiction to determine whether or not an automatic stay exists as to an action against the debtor and/or property of the debtor or the bankruptcy estate. Further, reported decisions agree without question that only the United States Bankruptcy Court before which is pending the bankruptcy case, has jurisdiction to grant or deny relief from an automatic stay. Some courts, including the highest appellate court for the State of Maryland in Klass v. Klass, 377 Md. at 20, have opined that the state court before whom an action is pending has concurrent jurisdiction to determine whether the automatic stay does, or does not stay the action before that state court. A number of federal courts have agreed that the state court may have such concurrent

6

jurisdiction, but further held that the state court's finding is not preclusive upon the bankruptcy court. "[A] state court has the authority to decide whether its proceeding is within the scope of the automatic stay, but the state court's holding is not entitled to preclusion effect in the bankruptcy court." Lockyer, Attorney General Et al. V. Mirant Corp., 398 F.3d 1098, 1106 (9th Cir. 2005) (citing In re Gruntz, 202 F.3d 1074 (9th Cir. 2000).[3]

Even if this court were to disregard the holdings of the Circuit Courts of Appeals that have addressed the question of the lack of preclusion arising from a state court order determining an action not to be affected by the automatic stay (and this court does not disregard those holdings), in the case before this court, no order determining the effect of the stay has been entered by the state court.

The Circuit Court Orders entered into evidence at the hearing upon the Motions indicate that although the Circuit Court first vacated its Order of Ratification and denied ratification of the sale, it has subsequently vacated that Order and set the matter for hearing.

Because this court is not precluded from determining whether or not the automatic stay arose and stayed the auction and subsequent events in the Foreclosure Case, and as this court unquestionably has subject matter jurisdiction pursuant to 28 U.S.C. § 1334 as referred under 28 U.S.C. § 157, this court can and will determine the issue of the effect of 11 U.S.C. § 362(a) upon the Foreclosure Case.

For the reasons set forth in the Sale Memorandum of Decision, the court holds that Debtor held no interest in the Property at the time of filing of the petition in bankruptcy so as to trigger the application of the automatic stay under 11 U.S.C. § 362(a), including subsections (4) or (5). The court will not further burden the instant Memorandum of Decision by repeating all of the words of the Sale Memorandum of Decision. The findings and conclusions of the Sale Memorandum of Decision are incorporated by reference herein.

---

[3] For further discussion of this issue see In re Benalcazar, 283 B.R. 514 (Bankr. N.D. Ill. 2002).

7

As to the new evidence presented at the hearing upon the Motions, the court took judicial notice of the docket of this bankruptcy case and the prior case of Anthony Fugett. The docket in the instant case of Trittye Collins Fugett includes an amended Schedule A filed under penalty of perjury by Debtor on October 17, 2005. In Amended Schedule A, which requires a listing of interests in real property held by Debtor at the date of the petition, Debtor testifies: "none." Notwithstanding her recent admission, Debtor testified at the hearing upon the Motions that although no divorce action has ever been filed and Anthony Fugett continues to occasionally reside in the Property, nonetheless the parties entered into a Voluntary Separation, Support and Property Settlement Agreement (Debtor's Ex. 3, Hr'g Oct. 17, 2005) under which Anthony S. Fugett intended to convey to Trittye C. Fugett an interest in the Property. Debtor attempted to bolster this assertion by testifying as to alleged amounts of money that she had contributed to the Property at the time of its acquisition as raw land, again during the construction of a house which she asserted is valued at more than $2 million dollars, and in contributing to mortgage payments made thereupon. However, having observed the demeanor of the witness, the court finds no credibility as to the testimony of Debtor. Her statements as to these alleged contributions were conflicting and changed as additional questions were asked. Her entire demeanor indicated to the court that no weight could be placed upon this evidence. Nor did the testimony of Anthony Fugett appear more credible.

For the reasons set forth in the Sale Memorandum of Decision, the Voluntary Separation, Support and Property Settlement Agreement, (to the extent that it existed prior to the bankruptcy case), did not convey to Debtor any interest in the Property that is protected by the automatic stay. This has clearly been held by the United States District Court for the District of Maryland in the reported decision in the case of Culver v. Boozer, 285 B.R. 163 (D. Md. 2002). The facts of the instant case essentially are "on all fours" with the facts set forth by the United States District Court in its opinion in Culver.

8

Because the automatic stay did not stay the Foreclosure Case, the auction sale is not rendered void by reason of derogation of the automatic stay. Nor is the Foreclosure Case stayed. Consequently, the Circuit Court for Baltimore County may determine the issue of ratification pending before it. This court, of course, has no jurisdiction to determine whether any other exceptions to ratification should be sustained, or to the contrary should be denied and the sale ratified.

As to the bid purchaser's (Joseph Duff) motion for relief from stay, this court finds that the automatic stay should not preclude him from seeking an Order of Ejectment from the Circuit Court of Baltimore County. While it is true that such an ejectment might cause tangible personal property of Debtor to be removed from the Property, the action by the bid purchaser would not be directly to enforce a lien or otherwise collect from such Property. If the sale is ratified, there would appear to be no legal right of possession in the Debtor and the automatic stay does not protect a Debtor as to an unlawful possession. See In re Joseph, 298 B.R. 554 (Bankr. D. Md. 2003); Homeside Lending v. Denny (In re Denny), 242 B.R. 493 (Bankr. D. Md. 1999).

Orders in conformity with this Memorandum of Decision will be entered.


cc:   All Counsel
      All Parties

**End Of Order**